## CIRCUIT COURT OF PRINCE WILLIAM COUNTY

E. R. Conner, Jr., et al.

v.

Board of Supervisors
of Prince William County

June 15, 1981

Case No. (Chancery) 13401

By JUDGE FRANKLIN P. BACKUS

The Court has before it decision as to the validity of two rezoning ordinances adopted by the Board of Supervisors on December 4, 1979, (hereinafter referred to as 79-17) and on February 5, 1980, (hereinafter referred to as (80-18).

In 79-17 the subject property was rezoned from the A-1 agricultural classification to the B-1 business classification. In 80-18 the subject property was rezoned again and this time from the B-1 business classification to the former A-1 agricultural classification.

The use regulations of these classifications are materially different (Prince William County Code Sections 20-7, 20-9 and 20-75).

Among other contentions, the defendant Board contends that 79-17 was not a valid rezoning because the statutory requirements of notice (Sections 15.1-431 and 15.1-493,

Code of Virginia, and Section 20-134.3, Prince William County Code) were not complied with. The notices are Stipulated Exhibits 11a through d, 15a through d and 16a through c. These notices were prepared and published by County employees and notwithstanding assertion that the County has no standing to complain of its own actions, it appears that the notices are in compliance with the statutory requirements.

These statutes do not specify notice content. Our Supreme Court has said in *Ciaffone* v. *Community Shopping Center Corporation*, 195 Va. 41, 77 S.E.2d 817 (1953), that this statutory provision as to notice of public hearings before the Commission and the Board "means only that the parties in interest and citizens must be apprised of the proposed changes to be acted upon so they can be present to state their views." Examination of the notices and transcript of the hearing (Stipulated Exhibit 17) indicates that the parties in interest and citizens were apprised of the proposed changes and were afforded an opportunity to state their views. The Court concludes that the notices were properly worded and published and that the Board hearing on December 4, 1979, for 79-17 was lawful.

The public notice was for a change from A-1 to B-1 classification and that was what the Board did. The Board did not approve a more intensive zoning classification than the advertised request to change to B-1 zoning. Conditional zoning was not requested or advertised.

The Court holds that the statutory notice requirements have been complied with.

The testimony and the evidence is that the action of the Board in 79-17 rezoning subject property from A-1 classification to B-1 classification was supported by credible evidence of reasonableness and therefore the Board's action is not debatable and that rezoning is lawful and valid.

The action of the Board on December 4, 1979, (79-17) was a piecemeal downzoning ordinance increasing the intensity of permissible uses for subject property. The action of the Board on February 5, 1980, (80-18) was a piecemeal downzoning ordinance decreasing the intensity of permissible uses for subject property and was initiated by the Planning Commission. Bearing in mind the policy and purposes of the zoning statutes (Virginia Code Sections 15.1-427, 15.1-489 and 15.1-490) and the opinion in *Board*

*of Supervisors of Fairfax County* v. *Snell Corporation,* 214 Va. 655, 202 S.E.2d 889 (1974), the Court is of opinion that the standard to be applied in this Court's review of 80-18 is that when the complainants (land owners) make a prima facie showing that there was no mistake in the enactment of 79-17 and there has been no change in circumstances substantially affecting the public health, safety or welfare between the adopting dates of 79-17 and 80-18, the burden of going forward with evidence of such mistake or changed circumstances is upon the defendant (Board). If the Board's evidence as to mistake or change in circumstances would cause a difference of opinion among reasonable persons, then the issue of reasonableness is fairly debatable and the ordinance must be sustained. If not fairly debatable, the ordinance is unreasonable and void.

The evidence shows that the same facts were presented on both occasions to the Planning Commission and to both Boards. Mistake is acting on untrue facts or representations, or action taken on mistaken facts. Difference of opinion or change of heart as to the application of the same facts is not a mistake. There is no evidence of mistake by the Board in 79-17.

The public sewer availability to subject property and septic field situation on subject property were unchanged between 79-17 and 80-18. In addition, the transcripts and the ordinance resolutions do not show sewer availability as a basis for the decisions.

The Court is of opinion that the action of the Board in rezoning 80-18 is illegal, invalid and void because the evidence does not support a finding of mistake made on December 4, 1979, or of substantial change in circumstances after that date as to merit the downzoning on February 5, 1980, and therefore that action was arbitrary and unreasonable.

The Court is also of opinion, and so holds, that remand to the Board is not required. By this judgment the ordinance in 80-18 is void and of no effect, leaving the property in the B-1 classification pursuant to the valid ordinance in 79-17.